ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| SELMA I. VELÁZQUEZ FLORES<br><br>Recurrente<br><br>v.<br><br>JUNTA DIRECTORES Y CONSEJO TITULARES COND. THE RESIDENCES AT PARQUE ESCORIAL; JAIME RODRÍGUEZ, PRESIDENTE; SPORT PAINTING<br><br>Recurridos | KLRA202500002 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Asuntos Del Consumidor (DACo)<br><br>Caso Núm.:<br>C-SAN-2023-0015391<br><br><br>Sobre:<br>Ley de Condominios |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda Del Toro y el Juez Pérez Ocasio

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 7 de febrero de 2025.

Selma I. Velázquez Flores solicita que se revoque la *Resolución Parcial* que emitió y notificó el Departamento de Asuntos del Consumidor (DACo) el 12 de noviembre de 2024. En esta, el DACo desestimó la querella que presentó Velázquez Flores contra el coquerellado Sport Painting, Inc.

Evaluado el recurso, *se Confirma* la *Resolución Parcial* recurrida.

## I.

El 19 de mayo de 2023, Selma I. Velázquez Flores, (recurrente o Velázquez Flores) presentó una querella en el DACo en contra del Consejo de Titulares del Cond. The Residences at Parque Escorial, el presidente de la Junta de Directores, Jaime Rodríguez y contra Sport Painting, Inc., representado por Esteban Rodríguez. En síntesis, alegó que es la titular de un apartamento en el Condominio The Residences at Parque Escorial. Que el

Número Identificador

SEN2025 _____

presidente de la Junta de Directores firmó un contrato de obras de pintura y reemplazo de tejas para el referido condominio con Sport Painting, Inc. (Sport Painting). En la querella, aludió a varias partes del contrato, entre ellas, en el inciso catorce (14) de la querella informó lo siguiente:

> Cláusula decima quinta (15) indica que, "[e]l Contratista será responsable por cualquier daño y perjuicio ocasionado a tercero por cualquier acción negligente u omisión de sus empleados, supervisores, personal subcontratado, etc., y expresamente releva al Condominio de cualquier reclamación de esta naturaleza. El Contratista será responsable de remover diariamente de su área de trabajo todos los equipos utilizados, así como cualquier escombro o basura generada. El Contratista no será responsable del daño a propiedad de residentes, objetos y/o pertenencias en sus terrazas, balcones, escaleras, pasillos, etc., a sabiendas de que se está limpiando y sellando los techos, y debían remover las mismas.[1]"

Señaló que la remoción de tejas y, demás material del techo de su apartamento le causó que filtrara agua por varias lámparas del interior de su apartamento. Sostuvo la recurrente que le comunicó a varias personas que corrigieran las filtraciones y no recibió respuesta. Señaló que la Junta de Directores ha sido negligente en reclamar el cumplimiento al contratista, así como, al supervisar las labores de este. Agregó que Sport Painting incumplió el contrato con el Condominio The Residences en perjuicio de la querellante al causarle filtraciones a su apartamento, causar hongo en el techo de su apartamento, romper un "codo", dejar áreas sin pintar, no sellar adecuadamente el área de los *chaise* en la azotea, entre otras. En consecuencia, le solicitó al DACo que le ordenara a las querelladas a cumplir con el contrato y reparar las filtraciones causadas, que limpien las áreas que mancharon de pintura, remuevan el cemento de losetas, y azotea sin dañar o romper el tratamiento de piso de la azotea, sustituyan el codo que rompieron, sellen adecuadamente

---

[1] Apéndice, págs. 2 y 3, inciso 14.

el área del *chaise* de la azotea, limpien y pinten el área con hongos. Asimismo, solicitó la indemnización de los daños, que la demora de los querellados en cumplir con sus obligaciones le causó a la querellante Velázquez Flores.[2]

En respuesta, el 8 de septiembre de 2023, Sport Painting presentó una *Moción Solicitando Desestimación.* Adujo que la querellante no formó parte del contrato que suscribió Sport Painting con la Junta de Directores del Condominio. Señaló que, de existir alguna controversia relacionada al contrato, le compete únicamente al coquerellado Consejo de Titulares, reclamarle a Sport Painting. Sostuvo que la querellante no tenía interés legítimo para con Sport Painting para reclamar dentro de la jurisdicción del DACo.

El 17 de octubre de 2024, la querellante presentó un escrito intitulado *Oposición a Moción de Desestimación de Sport Painting.*

Trabada la controversia y luego de otros trámites, el DACo emitió una *Resolución Parcial,* mediante la cual desestimó la querella respecto a Sport Painting y ordenó la continuación de los procedimientos respecto a los restantes querellados. En la referida resolución el DACo emitió las siguientes determinaciones de hechos:

> 1. La parte querellante, Selma I. Velázquez Flores es titular del apartamento 1831 del Condominio The Residences at Parque Escorial localizado en Carolina, Puerto Rico. Adquirió dicha propiedad mediante la escritura número 78, otorgada el 13 de mayo de 2002 ante el notario José W. Cartagena.
>
> 2. El Condominio The Residences at Parque Escorial está sometido al régimen de Propiedad Horizontal.
>
> 3. El 19 de mayo de 2023, la parte querellante presentó la querella de epígrafe contra la Junta de Directores y/o Consejo de Titulares del Condominio The Residences at Parque Escorial y Sport Painting, Inc. En la misma alega en síntesis que en el año 2022 el condominio firmó un contrato con Sport Painting,

---
[2] Apéndice, págs. 3-4.

Inc., intitulado Contrato de obras de pintura y reemplazo de tejas para el condominio The Residences at Parque Escorial. Se alega que los trabajos de dicho contrato se sufragan con dineros provenientes de la compensación provista por una aseguradora; que el Consejo de Titulares ha solicitado dinero de la cuenta de reserva para la obra; que la remoción de las tejas y demás material del techo del apartamento le ha causado daños a dicho inmueble; y que la coquerellada Sport Painting, Inc. ha incumplido con el contrato en perjuicio de la parte querellante. La parte querellante solicita que se cumpla y haga cumplir el contrato, se lleven a cabo las reparaciones y se le compensen daños.

4. El pasado 4 de abril de 2022 la parte coquerellada, Consejo de Titulares del Condominio The Residences at Parque Escorial, representada por su presidente Jaime Rodríguez, y la coquerellada Sport Painting, Inc. suscribieron un contrato intitulado Contrato de obras de pintura y reemplazo de tejas para el condominio The Residences at Parque Escorial. La parte querellante, Selma I. Velázquez no formó parte de dicho contrato ni participó en el mismo.

5. Entre las labores a realizarse en dicho contrato además de la pintura se encontraba la pintura exterior de los edificios y áreas comunes, así como el reemplazo de tejas, incluyendo su sellado. El contrato estableció que los trabajos tendrían una garantía de 5 años y un año en las tejas. La parte querellante no participó en este contrato.

6. No se presentó evidencia alguna que estableciera que Sport Painting, Inc. hubiese tenido algún vínculo contractual con la parte querellante para las obras de pintura y reparación de tejas en el condominio.

El DACo evaluó las disposiciones aplicables a la Ley de Condominios de Puerto Rico. Entendió el referido foro que la querellante alegó ciertos defectos en áreas comunes que le afectan en su apartamento. Enunció que la parte querellante no celebró contrato alguno con Sport Painting, por lo que, no estaba en posición reclamarle a esa compañía. Mencionó que, por esa razón, carece de "standing" o acción legitimada para presentar una querella alegando el incumplimiento del contrato que fue suscrito y del cual no fue parte. Agregó el DACo que "[d]e existir alguna reclamación en garantía contra Sport Painting, Inc., es el

Consejo de Titulares a través de su Junta de Directores la persona jurídica que debe realizar la reclamación contra dicho contratista en virtud del contrato celebrado entre las partes."[3] Conforme lo anterior, el DACo desestimó la querella respecto a la parte coquerellada, Sport Painting, por falta de acción legitimada o "standing" de la parte querellante.

Insatisfecha con la determinación de DACo, el 2 de diciembre de 2024, Velázquez Flores interpuso una *Moción de Reconsideración*. El 5 de diciembre de 2024, el DACo declaró *No Ha Lugar* ese petitorio.

Aun inconforme, Velázquez Flores compareció ante este foro de revisión intermedio en el que formuló los siguientes planteamientos de error:

> **Primero**: Erró el Departamento de Asuntos del Consumidor al determinar que la querellante no está en posición de realizar ningún reclamo a Sport Painting, Inc., y que carece de "standing" o acción legitimada para presentar una querella alegando el incumplimiento del contrato que fue suscrito y del cual no fue parte.
>
> **Segundo**: Erró el Departamento de Asuntos del Consumidor al determinar que, "[d]e existir alguna reclamación en garantía contra Sport Painting, Inc., es el Consejo de Titulares a través de su Junta de Directores, la persona jurídica que debe realizar la reclamación contra dicho contratista en virtud del contrato celebrado entre las partes."

Sport Painting presentó su *Alegato en Oposición*. Nos expresamos.

## II.

## A.

Es norma reiterada que los tribunales apelativos debemos conceder deferencia a las determinaciones de las agencias administrativas, por razón de la experiencia y el conocimiento especializado que éstas poseen sobre los asuntos que se les han

---

[3] Resolución, Apéndice pág. 53.

delegado. Hernández Feliciano v. Mun. Quebradillas, 211 DPR 99, 114 (2023); Rolón Martínez v. Supte. Policía, 201 DPR 26, 35 (2018); Torres Rivera v. Policía de PR, 196 DPR 606, 626 (2016). Estos dictámenes cuentan con una presunción de legalidad y corrección que subsiste mientras no se produzca suficiente prueba para derrotarla. OEG v. Martínez Giraud, 210 DPR 79, 89 (2022); Capó Cruz v. Junta de Planificación et al., 204 DPR 581, 591 (2020); Torres Rivera v. Policía de PR, *supra*, pág. 626; Batista, Nobbe v. Jta. Directores, 185 DPR 206, 215 (2012). Se descartará el criterio de los entes administrativos cuando "no se pueda hallar fundamento racional que explique o justifique el dictamen administrativo". Hernández Feliciano v. Mun. Quebradillas, *supra*; Capó Cruz v. Jta. Planificación et al., *supra*, pág. 591; Rolón Martínez v. Supte. Policía, *supra*. Así pues, la deferencia a la determinación de una agencia administrativa cederá cuando: (1) no está basada en evidencia sustancial; (2) el ente administrativo **erró al aplicar o interpretar las leyes o los reglamentos que se le ha encomendado administrar**; (3) el organismo administrativo actuó de forma arbitraria, irrazonable o ilegal, realizando determinaciones carentes de una base racional, o (4) cuando la actuación administrativa lesiona derechos constitucionales fundamentales. (Énfasis nuestro). Hernández Feliciano v. Mun. Quebradillas, *supra*; Torres Rivera v. Policía de PR, *supra*, pág. 628.

**B.**

La Ley de Condominios de Puerto Rico, Ley 129-2020, 31 LPRA sec. 1921, *et seq.* (Ley de Condominios), se promulgó con el propósito de viabilizar la propiedad individual sobre una unidad de apartamento que forma parte de un inmueble sometido al régimen de propiedad horizontal. Con. Tit. Centro Int´l Torre II v. PRCI, 210 DPR 403, 414 (2022). Mediante esta, se estatuyó el

derecho de cada titular al pleno disfrute de su apartamento y de las áreas comunes, siempre que con ello no menoscabe el derecho de los demás titulares al disfrute de sus respectivas propiedades. Artículo 2 de la Ley de Condominios, 31 LPRA sec. 1921a.

El Artículo 48 de la Ley de Condominios de 2020, Ley Núm. 129-2020, (Ley de Condominios), dispone que el **Consejo de Titulares** constituye la autoridad suprema sobre la administración del inmueble sometido al Régimen de Propiedad Horizontal. Estará integrado por todos los titulares. 31 LPRA sec. 1922t. Agrega que, "[e]l Consejo de Titulares tendrá personalidad jurídica propia y de sus obligaciones frente a terceros, responderán los titulares de forma subsidiaria y sólo con su apartamento". Íd.

El Tribunal Supremo ha expresado que el Consejo de Titulares, "ostenta una personalidad jurídica distinta e independiente de los miembros que lo componen." Cond. Prof. S.J. H. Centre v. P.R.F., Inc., 133 DPR 488, 497 (1993). Al respecto, se ha señalado que este constituye "un auténtico sujeto de derecho con personalidad plena en el ámbito de sus finalidades sustentada por una finalidad distinta de la individual y, esencialmente, una clara titularidad patrimonial que contribuye a otorgar al ente existencia jurídica independiente a la de los miembros que la componen cuando actúa en función del fin común perseguido". Id., citando a Arce v. Caribbean Home Const. Corp., 108 DPR 225, 253 (1978).

El Artículo 49 de la Ley de Condominios, 31 LPRA 1922u, establece los poderes y deberes del **Consejo de Titulares**, a saber:

> a) Elegir, por el voto afirmativo de la mayoría, las personas que habrán de ocupar los siguientes cargos:
>
> 1) **Junta de Directores**. [……..]
> 2) [...]
>
> b) **Conocer las reclamaciones que los titulares de los apartamentos formulen contra los aludidos**

**en el inciso (a)** y tomar las medidas correspondientes, que puede incluir la remoción de los mismos, por acuerdo mayoritario tomado en reunión extraordinaria convocada al efecto. (Énfasis añadido).

c)- j) […]

En cuanto a los Poderes y Deberes del **Director o Junta de Directores**, el Artículo 53 de la Ley de Condominios, 31 LPRA sec. 1922y, establece que el Director o la Junta de Directores constituye el órgano ejecutivo de la comunidad de titulares. […] El referido cuerpo tendrá, entre otros, los siguientes deberes y facultades:

  a) Atender todo lo relacionado con el buen gobierno, administración, vigilancia y funcionamiento del régimen y en especial lo relativo a las cosas y elementos de uso común y los servicios generales, y hacer a estos efectos las oportunas advertencias y apercibimientos a los titulares.

  b)-f) […]

  g) **Atender a la conservación del inmueble** y disponer las reparaciones ordinarias, conforme dispone el presupuesto anual aprobado por el Consejo de Titulares y en cuanto a las extraordinarias, adoptar las medidas necesarias previa aprobación del Consejo de Titulares.

  h)-o) […]

El Artículo 54 de la Ley de Condominios, dispone que, "el Presidente **representará en juicio y fuera de él a la comunidad en los asuntos que la afecten** y presidirá las asambleas del Consejo de Titulares." 31 LPRA 1922Z. Estatuye, además, que:

Cuando se trate de acciones para hacer cumplir ésta o cualquier otra ley aplicable, el reglamento del Condominio o **los acuerdos** del Consejo de Titulares, o cuando el Consejo de Titulares o la Junta de Directores, en representación de éste, deba comparecer en pleito como demandado o querellado, el Presidente podrá comparecer a nombre de dichos organismos y presentar las acciones y defensas que estime procedentes, seleccionando la representación legal que estime conveniente, previa consulta a la Junta. […]

Ahora bien, en cuanto a las Impugnaciones de Acciones u Omisiones de la Junta de Directores, el Administrador Interino y los Acuerdos y Determinaciones del Consejo, el Artículo 65 de la Ley de Condominios, 31 LPRA sec. 1923j, establece, en lo aquí pertinente, como sigue:

> Las **acciones u omisiones** de la **Junta de Directores**, del Administrador Interino, del Agente Administrador así como los acuerdos del Consejo de Titulares podrán ser impugnados por los **titulares** en los siguientes supuestos:
>
> a) cuando sean contrarios a esta Ley, la escritura matriz y reglamento del condominio;
> b) cuando resulten gravemente perjudiciales a los intereses de la comunidad o **a un titular**;
> c) […]
>
> […] En el caso de los titulares sean dueños de apartamentos en condominios con al menos un apartamento de uso residencial, la jurisdicción será primaria y exclusiva del Departamento de Asuntos del Consumidor, así como cualquier reclamación presentada en contra del agente administrador. […].
>
> El titular que quiera impugnar una acción u omisión de la Junta de Directores, del Administrador Interino, del Agente Administrador o un acuerdo del Consejo de Titulares tendrá que demostrar que no tiene ningún tipo de deuda con el Consejo de Titulares y que entregó copia del documento mediante el cual adquirió su apartamento a la Junta de Directores.

Para la Presentación de Acciones de Impugnación, el Artículo 66 de la Ley de Condominios, 31 LPRA sec. 1923k, establece que:

> El Departamento de Asuntos del Consumidor tendrá una División Especial de Adjudicación de Querellas de Condominios, para atender todo lo relacionado a todo condominio en el que exista por lo menos un apartamento dedicado a vivienda. El Secretario tendrá la capacidad de nombrar el personal necesario para la pronta atención de las querellas presentadas por **los titulares de apartamentos al amparo de esta Ley contra el Consejo de Titulares** o el Agente Administrador, o **por la Junta de Directores** al amparo de aquellas leyes especiales aplicables.

Así pues, la jurisdicción exclusiva conferida al DACo no se extiende a toda posible causa de acción dimanante de un

condominio sometido al régimen de propiedad horizontal. El DACo tiene jurisdicción para dirimir las controversias suscitadas por acciones u omisiones de la Junta de un condominio y sobre los actos que **no** sean de índole voluntaria o que trasciendan los intereses personales y **privados de los titulares** o de los condominios. Consejo Cond. Plaza del Mar v. Jetter, 169 DPR 643, 662 (2016); Srio. DACO v. J. Condominios C. Martí, 121 DPR 807, 817 (1988).

El aludido ente administrativo fue creado mediante la Ley Núm. 5 del 23 de abril de 1973, según enmendada, conocida como Ley Orgánica del Departamento de Asuntos del Consumidor, [DACo] 3 LPRA sec. 341, *et seq.* El estatuto estableció en la agencia una estructura de adjudicación administrativa "con plenos poderes para adjudicar las querellas que se traigan ante su consideración y conceder los remedios pertinentes conforme a derecho". 3 LPRA sec. 341e(d); Ortiz Rolón v. Soler Auto Sales, et al., 202 DPR 689, 696 (2019); Amieiro González v. Pinnacle Real Estate, 173 DPR 363, 372 (2008).

### C.

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias que tiene ante sí. Freire Ruiz De Val y Otros v. Morales Román, 2024 TSPR 124, 214 DPR ___ (2024); Mun. Aguada v. W. Contruction LLC, 2024 TSPR 69, 2013 DPR ___ (2024); R&B Power Inc. v. Junta de Subasta ASG, 2024 TSPR 24, 213 DPR ___ (2024); Pueblo v. Torres Medina, 211 DPR 950, 958 (2023); FCPR v. ELA et al., 211 DPR 521, 529 (2023); Cobra Acquisitions v. Mun. Yabucoa, et al., 210 DPR 384, 394 (2022); Pueblo v. Rivera Ortiz, 209 DPR 402, 414 (2022). Los organismos administrativos, así como los foros judiciales, no tienen discreción para asumir jurisdicción donde no

la hay. Ayala Hernández v. Consejo Titulares, 190 DPR 547, 559 (2014); DACO v. AFSCME, 185 DPR 1, 12 (2012).

De esta manera, las agencias administrativas solamente pueden ejercer los poderes que su ley habilitadora expresamente les ha otorgado y aquellos que sean indispensables para llevar a cabo su encomienda primordial. DACo v. AFSCME, *supra*. Por esta razón, una agencia no puede asumir jurisdicción sobre una actividad, materia o conducta cuando no está claramente autorizada por ley para ello. Ayala Hernández v. Consejo Titulares, *supra*; DACo v. AFSCME, *supra*; ASG v. Mun. San Juan, 168 DPR 337, 343 (2006).

En ese sentido, las **agencias** administrativas deben arribar a sus decisiones sin apartarse de la ley habilitadora aun cuando persigan un aparente propósito legítimo. En otras palabras, ni la necesidad ni la conveniencia pueden sustituir a la ley en cuanto a fuente de poder cuasilegislativo o cuasiadjudicativo. Ayala Hernández v. Consejo Titulares, *supra*; DACo v. AFSCME, *supra*. Se quiere destacar que, las **agencias** administrativas no pueden actuar más allá de lo que les fue delegado, de manera que toda actuación administrativa que no obedezca el poder que le fue conferido mediante legislación debe catalogarse como *ultra vires*, y, por ende, nula. Ayala Hernández v. Consejo Titulares, *supra,* pág. 560*;* DACO v. AFSCME, *supra*, pág. 13*.*

En Shell v. Srio. Hacienda, 187 DPR 109, 122 (2012), el Tribunal Supremo reiteró la pauta sobre las circunstancias inexorablemente fatales que conlleva la falta de jurisdicción sobre la materia, estas son: (1) no es susceptible de ser subsanada; (2) las partes no pueden otorgar voluntariamente al tribunal jurisdicción sobre la materia ni el tribunal puede arrogársela; (3) los dictámenes de un foro sin jurisdicción sobre la materia son nulos (nulidad absoluta); (4) los tribunales tienen

el deber ineludible de auscultar su propia jurisdicción; (5) los tribunales apelativos deben examinar la jurisdicción del foro de donde procede el recurso, y (6) un planteamiento de falta de jurisdicción sobre la materia puede hacerse en cualquier etapa del procedimiento por cualesquiera de las partes o por el tribunal *motu proprio.* Ver, además, Aguadilla Paint Center v. Esso, 183 DPR 901, 931 (2011).

Cónsono a lo anterior, para adjudicar un caso, el juzgador debe tener tanto jurisdicción **sobre la materia** como **sobre las partes litigiosas**. (Énfasis nuestro). R&B Power Inc. v. Junta de Subasta ASG, *supra*; FCPR v. ELA et al., *supra*; Cobra Acquisitions v. Mun. Yabucoa et al., *supra*.  Como elemento necesario para la adjudicación debida de los méritos de una controversia, el principio de justiciabilidad le impone al juzgador el deber de evaluar si los reclamantes poseen legitimación activa. Hernández, Santa v. Srio. de Hacienda, 208 DPR 727, 738-739 (2022); Hernández Torres v. Gobernador, 129 DPR 824, 835 (1992).

La legitimación activa se ha definido como "la capacidad que se le requiere a la parte promovente de una acción para comparecer como litigante ante el tribunal, realizar con eficiencia actos procesales y, de esta forma, obtener una sentencia vinculante". Hernández, Santa v. Srio. de Hacienda, *supra*, pág. 738-739; Ramos, Méndez v. García García, 203 DPR 379, 394 (2019); Bhatia Gautier v. Gobernador, 199 DPR 59, 69 (2017). Este elemento de justiciabilidad, "gira primordialmente en torno a la parte que prosigue la acción y solo secundariamente en cuanto a las cuestiones a adjudicarse". Hernández, Santa v. Srio. de Hacienda, *supra*, pág. 739, citando a Col. Ópticos de P.R. v. Vani Visual Center, 124 DPR 559, 564 (1989) y a Com. de la Mujer v. Srio. de Justicia, 109 DPR 715, 723 (1980).

Así pues, al amparo de esta doctrina, la parte que solicita un remedio debe demostrar que: (1) ha sufrido un daño claro y palpable; (2) el daño es real, inmediato y preciso, no abstracto o hipotético; (3) existe una conexión entre el daño sufrido y la causa de acción ejercitada, y (4) la causa de acción surge al palio de la Constitución o de una ley. Hernández, Santa v. Srio. de Hacienda, *supra*; Bhatia Gautier v. Gobernador, *supra*, pág. 69; Fund. Surfrider y otros v. ARPe., 178 DPR 563, 572 (2010); Sánchez et al. v. Srio. de Justicia et al., 157 DPR 360, 371 (2002); Hernández Torres v. Gobernador, *supra*, págs. 835-836.

### D.

El contrato se define como, "el negocio jurídico bilateral por el cual dos o más partes expresan su consentimiento en la forma prevista por la ley, para crear, regular, modificar o extinguir obligaciones." Artículo 1230 de la Ley Núm. 55 de 1ro de junio de 2020, Código Civil de 2020 (Código Civil), del Código Civil, 31 LPRA sec. 9751. Lo acordado en los contratos tiene fuerza de ley entre las partes, ante sus sucesores y ante terceros en la forma que dispone la ley. Artículo 1233 del Código Civil, 31 LPRA 9754. Así pues, una vez perfeccionado un contrato en el que medie el consentimiento de las partes, estas se obligan desde ese momento, no solo al cumplimiento de lo expresamente pactado, sino a todas las consecuencias que según su naturaleza sean conformes a la buena fe, al uso y a la ley. Jarra Corp. v. Axxis Corp., 155 DPR 764, 772 (2001). No es el DACo la agencia con jurisdicción para entender en una controversia entre una persona que fue parte del contrato y otra que no lo fue.

A la luz de los preceptos jurídicos antes mencionados revisamos.

### III.

En el primer señalamiento de error la recurrente alega que, como titular, reclamó los daños que sufrió su apartamento. Indicó que los daños consistían en filtraciones, roturas, manchas de pintura y pérdida de uso. También alega que reclamó los daños emocionales. Señaló que los daños fueron causados por el recurrido Sport Painting al este actuar en los elementos comunes limitados al uso exclusivo de la querellante, en elementos privados y en elementos comunes. Indica que la Ley de Condominios no le da facultad al Consejo de Titulares para reclamar los derechos privados de un titular. Agregó que el Consejo de Titulares no puede reclamar los daños que no ha sufrido y no podría obtener un remedio, ya que se requiere la participación individual de la titular. Distinto sería una demanda ante el Tribunal General de Justicia, que son Tribunales con jurisdicción general y atienden múltiples reclamos de diferentes tipos. DACo tiene su jurisdicción limitada en este tipo de controversia.

En el segundo señalamiento de error la recurrente alegó que los daños que Sport Painting le causó solo pueden ser reclamados por ella y no por el Consejo de Titulares. Agregó que el contrato entre el Consejo de Titulares y Sport Painting contiene unas disposiciones que benefician a la recurrente, por lo que esta puede reclamar el cumplimiento del contrato, aunque no firmara en él. Señaló que el Presidente no ha cumplido con el Artículo 54 de la Ley de Condominios, que le requiere representar a la comunidad en los asuntos que le afecten. Además, que no ha logrado que Sport Painting cumpla con las cláusulas del contrato.

Evaluamos en conjunto ambos señalamientos.

Velázquez Flores instó una querella en el DACo contra el Consejo de Titulares del Cond. The Residences At Parque Escorial, el presidente del Consejo y el contratista Sport Painting. Estos

últimos, suscribieron un contrato de obras para la pintura y otras reparaciones en el referido condominio. En síntesis, la recurrente alegó que Sport Painting, en la ejecución de las obras, incurrió en ciertos actos u omisiones que le causaron perjuicio. En la querella solicitó que se les ordenara a los querellados a cumplir y hacer cumplir el contrato.

En respuesta, el DACo desestimó la acción incoada contra Sport Painting. Ello porque la querellante no fue parte del contrato entre el Consejo de Titulares y Sport Painting. Esta determinación, aquí cuestionada, debe ser confirmada, pues la misma se presentó ante DACo.

Las facultades del DACo se rigen por las delegadas en ley. Para intervenir en una reclamación, el DACo debe tener jurisdicción sobre la materia y sobre la persona que acude ante referido cuerpo administrativo para poder atender la querella.

En el contexto de un titular de un apartamento sometido al régimen de propiedad horizontal, aplica el Artículo 64 de la Ley de Condominios. En este se le designó al DACo la autoridad para adjudicar reclamaciones de un **titular** contra la Junta de Directores, así como, los acuerdos del Consejo de Titulares cuando resulten gravemente perjudiciales a los intereses de un titular.

A tenor con el mencionado Artículo 64, *supra*, la recurrente puede acudir a DACo para reclamar únicamente al Consejo de Titulares y a la Junta de Directores, cuando los actos de estos le perjudiquen. En este caso, el DACo mantuvo vigente esa reclamación. El tipo de reclamo que se hace en este caso habría que evaluar la posibilidad de hacerlo en el Tribunal de Primera Instancia, pero ciertamente no es el DACo el foro para este planteamiento.

En cuanto a la causa de acción que la recurrente presentó contra Sport Painting, basada en que el contratista incumplió con

el contrato que suscribió con el Condominio en perjuicio de la querellante, no se puede dilucidar en el DACo bajo ninguna disposición de la Ley de Condominios.

Primero, destacamos que Velázquez Flores no fue parte del contrato, por lo que, no le puede reclamar a Sport Painting que proceda con el debido cumplimiento, en la acción incoada en el ámbito administrativo ante el DACo. Segundo, porque la jurisdicción conferida al DACo, es de un titular-como lo sería la recurrente- contra el Consejo de Titulares, la Junta o el Administrador. No se extiende a toda posible causa de acción dimanante de un condominio sometido al régimen de propiedad horizontal.[4]

De manera que la recurrente carece de legitimación activa para presentar su reclamación ante el DACo pues su petitorio no surge al amparo de alguna ley que le de jurisdicción a referida agencia. El DACo tampoco ostenta jurisdicción sobre la materia para dilucidar la reclamación de una querellante que no tiene ningún vínculo contractual con el querellado Sport Painting. Como antes hemos dicho, distinto sería un reclamo similar ante un Tribunal con jurisdicción general.

## IV.

Por las razones antes expresadas, confirmamos la determinación aquí recurrida mediante la cual el DACo desestimó la querella que Velázquez Flores incoó contra Sport Painting.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[4] Ver Consejo Cond. Plaza del Mar v. Jetter, *supra*.